**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ERIC MALDONADO,** | ) | **CASE NO. 1:20 CV 1251** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CUYAHOGA COUNTY JAIL** | ) | **MEMORANDUM OF OPINION** |
| **KITCHEN STAFF,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Eric Maldonado has filed a prisoner civil rights complaint against the "Cuyahoga County Jail and Kitchen Staff," seeking $1,000,000 in damages. (Doc. No. 1.)

In his complaint, the plaintiff alleges that the "Jail & Kitchen Staff violated [his] 1st Amendment rights to practice [his] religion" because they failed to provide him religious meals for Ramadan on May 24, 2020, even though he had a letter from the prison chaplain stating that he was a Muslim. (*Id*. at 3-4.) He states that Sergeant Brewer acknowledged "they messed up" after the plaintiff complained about not receiving his meals and asked the plaintiff "how could he fix what had happened." The plaintiff, however, responded, "the damage is done." (*Id.* at 4.)

The plaintiff also complains that the "Cuyahoga County Jail & Kitchen Staff" have repeatedly failed to give him the "right special diet trays" and have given him food to which he is allergic. (*Id*.)

Federal district courts are required, under 28 U.S.C. § 1915A, to review any complaint

in which a prisoner seeks redress from governmental entities and employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal under § 1915A, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1940.

Upon review, the Court finds that the plaintiff's complaint must be dismissed. Even liberally construed, it does not allege a plausible federal civil rights claim upon which he may be granted relief.

In order to state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A state prison and prison "staff," as the plaintiff sues here, are not "persons" subject to suit under § 1983. *See Anderson v. Morgan County Correctional Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989) and *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006).

Additionally, even assuming a proper defendant, the plaintiff's allegations are

insufficient to demonstrate a plausible constitutional claim. A prison official's negligent interference with a prisoner's religious diet, as the plaintiff's allegations at the most suggest here, does not violate the First Amendment. *See Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (holding that isolated incidents of negligence by prison officials in implementing kosher food requirements is not actionable under the First Amendment); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (isolated acts of negligence in providing kosher diet do not support a free-exercise claim). Nor are the plaintiff's allegations regarding his food sufficient to demonstrate a plausible claim under the Eighth Amendment. *See Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (holding that a plaintiff's allegations showing "some negligence regarding the defendant's attention to his diet requests and allergies" were insufficient to demonstrate a claim under the Eighth Amendment).

## Conclusion

For the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. In light of the § 1915A dismissal, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Dan Aaron Polster    9/8/2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE